Mr Chief Justice Sharkey
delivered the opinion of the court.
This was a proceeding in the probate court, commenced by appellant by petition, who, as a creditor of appellee’s intestate, prayed that the appellee might be required to return a further inventory. The petition alleges that certain personal property came to the hands of the administratrix, which had not been inventoried, and exhibits a schedule of the property. 'It alleges also, that the estate had been returned insolvent, and that the intestate died possessed of certain real estate, to the value of $ 1500, consisting of town lots, and prayed that the administratrix might return an inventory thereof, and of certain rents received since the death of the testator, and be decreed to sell the land. It appears from the petition, as well as by the answer, that the personal property not returned in the inventory, was set apart to ,the appellee as the widow of Hale, as her allowance, by commissioners appointed for that purpose, but the petitioner alleges that the commissioners exceeded their authority, in allowing more than they were authorized to do by law.
The answer does not deny the allegation in regard to the realty, or the receipt of rents, but avers that the rents have been appropriated to improvements on the lots, and it claims for the widow the absolute right to the lots, under the existing laws in *565 reference to allowances to be made to widows of deceased persons, whose estates are insolvent.
In regard to the personalty but little need be said. Although the allowance seems to embrace many articles not enumerated in the laws on that subject, yet, it seems the allowance was set apart, and reported to the court, where it was approved and confirmed. If it was erroneous, exceptions should have been taken, and the error corrected, or the judgment should have been directly attacked.
But the question in regard to the land is fairly presented, and requires that we should determine how far the widow’s claim of ownership is sustained by law. By the law of 1824, the widow was allowed one house,-one cow and calf, one bed and furniture, provisions for one year, and such other personal property as she might select, not to exceed fifty dollars in value. By the law of 1825, the foregoing allowance was only to be made in case the intestate was insolvent. By the act of 1839, the court was required to appoint three commissioners, to set apart one year’s provisions; and the act further provided, that all property then exempted from execution, should descend to the widow as her own property. As the law then stood, the agricultural implements of a farmer, one horse, the tools of a mechanic, the books of a student, wearing apparel,'one bed, one cow and calf, and the arms of one enrolled in the militia, were not liable to be taken under execution. To these articles, then, the widow was entitled.
By the law of 1846, the widow became entitled to all personal property exempt from execution. What was so exempt at that time? The act of 1841 protected to the owner from liability to execution, one hundred and sixty acres of land, or town lots, exclusive of improvements, to the value of fifteen hundred dollars. And the act of 1842 exonerated certain additional personal property, to wit: three beds, two spinning wheels, cotton cards, loom, and sundry articles of household furniture, two cows and calves, twenty hogs, and fifty bushels of corn. This then was all the personal property exempted from execution, and it was all the widow was entitled to under the act of 1846. *566 It is only by virtue of law, that the widow can claim any thing, except what was given her by the act of 1839, and she can, of course, claim nothing more than the law has given. The legislature expressly declared, that she should be entitled to certain personal' property, and it was certainly not intended that she should also take real property by implication. There was not the same apparent necessity for such a provision, as she is entitled to dower in all the lands.
It is the duty of an administrator, in case of deficiency in the personal estate, to take the necessary steps to sell the land, and the court should have required this by its judgment. But it exonerated the administratrix from this duty, and so far as it could do so, confirmed her claim to the real estate, by dismissing the petition which had been answered, by asserting title to the land.
The deeree is reversed, and cause remanded.